DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH LINDENBERGER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2961

[May 14, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432019CF000567A.

Daniel Eisinger, Public Defender, and Sue-Ellen Kenny, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Defendant challenges the trial court's imposition of $200 in prosecution costs, which was higher than the $100 statutory maximum. Defendant contends, and the State concedes, the trial court improperly imposed the $200 in costs without the State requesting or offering proof of this higher cost. We accept the State's concession of error and reverse.

Following a jury trial, Defendant was convicted of two third-degree felonies and one first-degree misdemeanor. At the sentencing hearing, the State did not request that the trial court impose $200 in prosecution costs. Nonetheless, as part of Defendant's sentence, the trial court imposed $200 in prosecution costs. Defendant thereafter filed the instant appeal. While this appeal was pending, Defendant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentence in the trial court wherein he argued the court erroneously imposed the $200 prosecution costs. The trial court did not rule on the motion within sixty days, and thus the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

Section 938.27(1), Florida Statutes (2023), provides that "[i]n all criminal . . . cases, convicted persons are liable for payment of the costs of prosecution." Subsection 938.27(8) goes on to provide that "[c]osts for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged." § 938.27(8), Fla. Stat. The trial court, however, "may set a higher amount upon a showing of sufficient proof of higher costs incurred." *Id.* "It is the State's burden to prove the costs incurred by the prosecution." *Bartolone v. State*, 327 So. 3d 331, 335 (Fla. 4th DCA 2021).

Here, the State neither requested the trial court impose $200 in prosecution costs, nor presented any evidence to support the higher cost. Accordingly, we "reverse and remand for the trial court to reduce the $200 cost of prosecution to the statutory amount of $100 or impose additional costs if the State makes the request and provides sufficient proof." *Peterson v. State*, 395 So. 3d 543, 545 (Fla. 4th DCA 2024) (internal quotation marks and citation omitted); *see also Jenkins v. State*, 332 So. 3d 1013, 1018–19 (Fla. 4th DCA 2022); *Bartolone*, 327 So. 3d 336.

*Reversed and remanded with instructions.*

MAY and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***